### DALLAS OIL & REFINING CO. v. UNITED STATES.

Civ. No. 1162.

District Court, N. D. Texas,

Fort Worth Division.

June 4, 1947.

---

Benjamin L. Bird (of Weeks, Bird, Cannon & Appleman), of Forth Worth, Tex., for plaintiff.

A. W. Christian, Asst. U. S. Atty., of Fort Worth, Tex., for defendant.

WILSON, District Judge.

At the conclusion of the trial I briefly indicated my decision in this case and the reasons therefor in a general way, but did not make findings of fact or conclusions, as required in cases of this sort.

This suit is based on claims filed by Plaintiff with the Collector of Internal Revenue for the refunding of undistributed profits taxes in the respective amounts of $3,066.30 and $3,417.90, paid by the Dallas Oil & Refining Company for its fiscal years ended June 30, 1937 and 1938. In such claims and its complaint in this proceeding, Dallas Oil & Refining Company alleged that it had a deficit in accumulated earnings and profits as of June 30, 1936, and June 30, 1937, and that it was legally prohibited from paying dividends during its fiscal years ended June 30, 1937, and June 30, 1938, by Texas statutes which were in effect before May 1, 1936. Its claims for the refund of undistributed profits tax for the years and in the amounts above set forth were based on Sections 14 and 26 of the Revenue Act of 1936, as amended by Section 501 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts, page 344.

A large part of the facts were stipulated by the parties and I find those facts as stipulated. Counsel for the parties indicated in their opening statements that the differences between the parties insofar as the facts involved in the case were concerned, narrowed down in substance to the question whether a certain stock dividend issued by Dallas Oil & Refining Company in 1917 was paid out of accumulated earnings and profits then on hand or from some other source. As to this, I find that the financial history of Dallas Oil & Refining Company is correctly set out by Plaintiffs' Exhibit 5; that the stock dividend was issued out of and permanently capitalized $320,000 of the accumulated earnings and profits then on hand; that at June 30, 1936, there was a deficit in accumulated earnings of $53,487.86, and that at June 30, 1937, there was a deficit in accumulated earnings and profits of $28,261.31.

I further find that the undistributed net income of Dallas Oil & Refining Company for its fiscal year ended June 30, 1937, before the allowance of the deficit credit, if any, to which it was entitled under the provisions of the Revenue Act of 1936, as amended by Section 501 of the Revenue Act of 1942, was $27,040.69, and that for the year ended June 30, 1938, this same item was $26,890.27.

### Conclusions of Law.

I conclude that under the applicable statutes of the State of Texas, in effect prior to May 1, 1936 and the applicable provisions of the Revenue Act of 1936, as amended by Section 501 of the Revenue Act of 1942, plaintiff was entitled to a credit against its undistributed net income for its fiscal years ended June 30, 1937 and 1938, in the respective amounts of $27,040.69 and $26,890.27 and that plaintiff had no undistributed net income for either of the said taxable years subject to undistributed profits tax.

Decree will be entered adjudging and decreeing that plaintiff overpaid its undistributed profits tax for its fiscal years ended June 30, 1937 and June 30, 1938, by the amounts of $3,066.30 and $3,417.90, respectively, and that it is entitled to have such overpayments refunded to it together with interest as provided by law, and costs of suit.